Judge Berman



'07 CIV 7931

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MR. BAGUETTE, LTD.,                    )
                                       )
          Plaintiff,                   )
                                       )      Case No.:
     v.                                )
                                       )
FEDERAL EXPRESS CORPORATION, )                **NOTICE OF REMOVAL**
                                       )
          Defendant.                   )

RECEIVED ... 1 0 2007 U.S.D.C. S.D. N.Y. CASHIERS

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT, SOUTHERN
DISTRICT OF NEW YORK, AND TO PLAINTIFF:

PLEASE TAKE NOTICE that Defendant Federal Express Corporation, d/b/a
FedEx Express ("FedEx"), hereby files this its Notice of Removal under 28 U.S.C. §
1441, to effect removal of this matter which was commenced in the Supreme Court of
the State of New York, County of New York, under Case No.: 07-110997. Removal is
proper for the following reasons:

1. On August 10, 2007, the Plaintiff filed this action in the Supreme Court of the
State of New York, County of New York, under Case No.: 07-110997. FedEx's records
indicate that it first received notice of this action on August 22, 2007, when it received a
copy of the Complaint, and thirty days since such receipt has not yet expired.

2. The United States District Courts have original jurisdiction by reason and way
of federal question jurisdiction, 28 U.S.C. § 1331.

3. The claims asserted by the Plaintiff in its Complaint and the liability of FedEx,
if any at all, are governed by principles of federal common law applicable to shipments
made in interstate commerce by a federally certificated air carrier such as FedEx.
Please see, *Nippon Fire & Marine Insurance Co., Ltd. v. Skyway Freight Systems, Inc.,
et. al.,* 235 F. 3d 53, 59 (2nd Cir. 2000), citing *Read-Rite Corporation, et. al. v.
Burlington Air Express, Ltd., et. al.,* 186 F. 3d 1190 (9th Cir. 1999). As such, this Court
has original jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C.

§ 1331, and this civil action may be removed pursuant to 28 U.S.C. § 1441(b). Please

see, *Nippon*, 235 F. 3d 53, 59 (2nd Cir. 2000), citing *Sam L. Majors Jewelers v. ABX,*

*Inc.,* 117 F. 3d 922 (5th Cir. 1997).

4. Attached hereto as Exhibit "A," is a true and correct copy of all pleadings and

process filed in this action in the Supreme Court of the State of New York, County of

New York, under Case No.: 07-110997. A Notice of Filing of this Notice of Removal is

being concurrently filed with the Supreme Court of the State of New York, County of

New York.

**WHEREFORE**, FedEx prays that this civil action be removed to this Court from

the Supreme Court of the State of New York, County of New York.

Dated: New York, New York
September 10, 2007

Respectfully Submitted,

Attorney for Defendant
FEDERAL EXPRESS CORPORATION,
d/b/a FEDEX EXPRESS

Olivia M. Gross, Esquire [OMG-6008]
14 Wall Street - 22nd Floor
New York, New York 10005-2101
Telephone: (212) 619-4350
File No.: FDX 16174

Of Counsel:
Thomas W. Southerland III, Esquire
3620 Hacks Cross Road
Building B, Third Floor
Memphis, TN 38125
Telephone: (901) 434-8538

# EXHIBIT

# A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X

MR. BAGUETTE, LTD.,

                            Plaintiff(s)

      - against -

FEDERAL EXPRESS CORPORATION,

                            Defendant(s)
-------------------------------------------------------X

Index No.: 07-110997

8·10·07

**SUMMONS**

Basis of Venue: Plaintiff's Principle
Place of Business

Jury Trial Requested

**RECEIVED**

AUG 2 2 2007

LEGAL DEPARTMENT

TO THE ABOVE NAMED DEFENDANT(S):

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the date of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in this complaint.

Dated: New York, New York
      July 3, 2007

                        Yours, etc.

                        MCMILLAN CONSTABILE, LLC

RECEIVED

AUG 2 2 2007

Cynthia J. Collins
Managing Director Litigation

                      By:                          
                      Stewart A. McMillan, Esq.
                      Attorneys for Plaintiffs,
                      2180 Boston Post Road
                      Larchmont, New York 10538
                      (914) 834-3500

To:

Federal Express
942 South Shady Grove Rd
Memphis, TN 38120

**Notice:** The object of this action is Breach of Contract/Breach of Fiduciary Duty/ Conversion

The relief sought is $40,000 together with interest, costs and reasonable attorney's fees.

Upon your failure to appear, judgment will be taken against you by default for the sum of $40,000 with interest thereon

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X

MR. BAGUETTE, LTD.,

                      Plaintiff(s)

    - against -

FEDERAL EXPRESS CORPORATION,

                     Defendant(s)
-------------------------------------------------------------X

Index No.: _____

**VERIFIED COMPLAINT**

Basis of Venue: Plaintiff's Principle
Place of Business

Jury Trial Requested

      Plaintiff, Mr. Baguette, Ltd. (hereinafter to be referred to as the "Mr. Baguette"), by and

through their attorneys, MCMILLAN CONSTABILE, LLC, located at 2180 Boston Post Road,

Larchmont, New York 10538, as and for their complaint against the defendant herein, Federal

Express Corporation (hereinafter to be referred to as "Federal Express"), hereby alleges as follows:

      1.     In substance, this complaint arises out of the Federal Express's breach of a September

25, 2003 Declared Value Exception Agreement between the parties (hereinafter the "Agreement")

for the shipment by Federal Express of designated commodities within the United States to and from

designated customer locations on behalf of Mr. Baguette. A copy of which is attached hereto as

Exhibit "A" and incorporated herein by reference.

### The Parties

      2.     The plaintiff, Mr. Baguette was, at all times relevant to this litigation, a New York

Limited Liability Corporation with its principal place of business located in the County of New

York, State of New York.

      3.     The defendant, Federal Express was, at all times relevant to this litigation, a New

York Limited Liability Corporation with its principal place of business located in the County of New York, State of New York.

4.    Upon information and belief, the Defendant, Federal Express Corporation was, at all times relevant to this litigation, a foreign corporation, licensed to do or transact business in the State of New York.

### Factual Background

5.    At all times relevant to this action, Federal Express was a worldwide shipping conglomerate, whose principal business was the express shipment of packages between designated locations, and held itself out as such.

6.    Mr. Baguette was, at all times relevant hereto, a commercial retailer of high-end jewelry and other valuable commodities, and held itself out as such.

7.    At all times relevant hereto, Mr. Baguette contracted with Federal Express to deliver jewelry and other valuable commodities between designated customer locations.

8.    By virtue of the express course of dealing between the parties, Federal Express was aware that Mr. Baguette shipped high-end jewelry and commodities, through Federal Express, to designated locations.

9.    On September 25, 2003, the Parties entered into an agreement (hereinafter the "Agreement").

10.    The Agreement governed the shipment by Federal Express of expressly defined Mr. Baguette's commodities between designated customer locations. See Exhibit "A" attached hereto and incorporated herein by reference.

11.    Pursuant to the terms of the Agreement, Defendant expressly granted Mr. Baguette

2

an exception to its' customary maximum declared value limit of $500 for shipment of designated commodities and permitted Mr. Baguette to declare a higher value per package subject to certain specified conditions, including the payment of additional fees for all domestic shipments, exceeding $500 in declared value. See Exhibit "A" attached hereto.

12.    Mr. Baguette performed all of its duties and obligations under the Agreement between the parties, including the payment of additional fees as defined by the Agreement, for the shipment of domestic packages with a declared above $500 per package value.

13.    Mr. Baguette hired Defendant to deliver the package, which is the subject of this action, (hereinafter the "Package") from its offices located at 535 Fifth Avenue, New York, NY 10017 to Morgan Jewelers in Torrance, California.

14.    The Package contained merchandise, including diamonds, which were valued at (and declared to be valued by Mr. Baguette at) a total of $40,000 U.S. dollars. See proof of valuation from the ICG Group (totaling $24,000) and from BMB Diamond District, Inc. (totaling $16,000) attached hereto and incorporated by reference at Exhibit "B".

15.    The Package was picked up by a Federal Express employee from Mr. Baguette's offices on September 8, 2006.

16.    The Agreement was in full force and effect on September 8, 2006, and at all times relevant hereto.

17.    As per the express and/or implied terms of the Agreement, the Package's contents were not labeled when picked up by the Federal Express package carrier.

18.    After pickup by the Federal Express employee, the Package never arrived at its intended destination.

3

19.    Pursuant to the Agreement, Defendant expressly or impliedly agreed to assume full liability for the criminal acts of Defendant's employees or third parties up to the declared value.

20.    Pursuant to the Agreement, Defendant expressly or impliedly agreed to commence an immediate and thorough investigation with respect to all instances of lost or stolen merchandise.

21.    Upon information and belief, Defendant did not conduct any investigation with respect to this matter despite numerous requests by Mr. Baguette.

22.    Ultimately, Mr. Baguette learned that the Package had been lost after the pickup by Federal Express, without further explanation.

23.    Despite Mr. Baguette's numerous requests, the Defendant failed, refused and/or neglected to reimburse the $40,000 cost of the merchandise to Mr. Baguette, or to conduct an investigation in order to determine in what way the Package had been lost or stolen.

24.    Upon information and belief, the Package and its contents were intentionally stolen or otherwise misappropriated by a Federal Express employee, agent or representative after pickup by Federal Express.

25.    Upon information and belief the package and its contents were lost as a direct result of Federal Express' negligence, wanton disregard and/or recklessness.

26.    Mr. Baguette sustained damages in the amount of $40,000 plus interest from September 8, 2006 as a direct result of Federal Express's actions and/or omissions.

4

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

27.    Mr. Baguette repeats, realleges, and makes a part hereof each and every allegation contained in paragraphs 1 through 26 of this complaint with the same force and effect as if more fully set forth at length herein.

28.    The Agreement constituted a valid, binding contract between Mr. Baguette and Federal Express and/or its employees, agents or representatives, obligating the parties to perform their respective duties and obligations contained therein.

29.    Mr. Baguette fully performed all of its duties and obligations under the Agreement.

30.    Federal Express and/or its employees, agents or representatives intentionally and/or negligently or recklessly breached its duties and obligations under the express terms of the Agreement by *inter alia*:

(a)    Upon information and belief, stealing or otherwise misappropriating Mr. Baguette's Package; and/or

(b)    Failing to conduct a full and thorough investigation into the loss of the Package and/or to tell Mr. Baguette the results thereof.; and/or

(c)    Upon information and belief, exercising negligence and/or recklessness in the loss of the Package.

31.    Defendant's breach of the Agreement resulted in damages to Mr. Baguette in the amount of $40,000, plus accrued interest from September 8, 2006.

32.    By reason of the foregoing, Mr. Baguette suffered damages in the amount of $40,000, together with interest, costs, disbursements and any other such relief as the Court deems just and proper.

5

Case 1:07-cv-07931-GBD    Document 1    Filed 09/10/2007    Page 11 of 27

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of an Implied Contract)

33.    Mr. Baguette repeats, realleges, and makes a part hereof each and every allegation contained in paragraphs 1 through 32 of this complaint with the same force and effect as if more fully set forth at length herein.

34.    The totality of facts and circumstances surrounding the relationship between the parties would enable a reasonable person to infer that the Federal Express intended to enter into a valid, binding contract with Mr. Baguette for the full cost of the declared value of the contents of the Package.

35.    Mr. Baguette fully performed all of its duties and obligations under the implied in law contracts between the parties.

36.    Upon information and belief, Federal Express and/or its employees, agents or representatives intentionally and/or negligently or recklessly breached its duties and obligations under the implied contract between the parties by, *inter alia*:

(a)  Upon information and belief, stealing or otherwise misappropriating Mr. Baguette's Package; and/or

(b)  Failing to conduct a full and thorough investigation into the loss of the Package and/or to tell Mr. Baguette the results thereof.; and/or

(c)  Upon information and belief, exercising negligence and/or recklessness in the loss of the Package.

37.    Defendants' breaches of the implied in law contract between the parties resulted in damages to Mr. Baguette in the amount of $40,000, plus accrued interest from September 8, 2006.

38.    That by reason of the foregoing Mr. Baguette's suffered damages in the amount of

6

$40,000, together with interest, costs, disbursements, and any other such relief as the Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Fiduciary Duty)

39.    Mr. Baguette repeats, realleges, and makes a part hereof each and every allegation contained in paragraphs 1 through 38 of this complaint with the same force and effect as if more fully set forth at length herein.

40.    The Agreement designated Federal Express with all powers, duties and responsibilities contained therein.

41.    The Parties' execution of the Agreement and Mr. Baguette's provision of the Package to the care, custody and control of Federal Express and/or its employees, agents or representatives created a fiduciary relationship pursuant to which Mr. Baguette reasonably, and in good faith, relied upon Federal Express.

42.    Federal Express and/or its employees, agents or representatives breached its fiduciary duties to Mr. Baguette, thereby causing $40,000 in damages, and accrued interest, to Mr. Baguette by *inter alia*:

   (a) Upon information and belief, stealing or otherwise misappropriating Mr. Baguette's Package; and/or

   (b) Failing to conduct a full and thorough investigation into the loss of the Package and/or to tell Mr. Baguette the results thereof.; and/or

   (c) Upon information and belief, exercising negligence and/or recklessness in the loss of the Package.

7

43.   That by reason of the foregoing Mr. Baguette  suffered damages in the amount of $40,000, together with interest, costs, disbursements, and any other such relief as the Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

44.   Mr. Baguette repeats, realleges, and makes a part hereof each and every allegation contained in paragraphs 1 through 43 of this complaint with the same force and effect as if more fully set forth at length herein.

45.   Implicit in every contract is a duty on the part of all parties to exercise good faith and fair dealing.

46.   The Agreement between the parties contained an express or implied clause requiring the parties to exercise good faith and fair dealing.

47.   Upon information and belief, Federal Express and/or its employees, agents or representatives breached the duties of good faith and fair dealing to Mr. Baguette by, *inter alia*:

   (a) Upon information and belief, stealing or otherwise misappropriating Mr. Baguette's Package; and/or

   (b) Failing to conduct a full and thorough investigation into the loss of the Package and/or to tell Mr. Baguette the results thereof.; and/or

   (c) Upon information and belief, exercising negligence and/or recklessness in the loss of the Package.

8

48.   That by reason of the foregoing, Mr. Baguette suffered damages in the amount of $40,000, together with interest, costs, disbursements, and any other such relief as the Court deems just and proper.

## AS AND FOR A EIGHTH CAUSE OF ACTION
### (Conversion)

49.   Plaintiff repeats, realleges, and makes a part hereof each and every allegation contained in paragraphs 1 through 48 of this complaint with the same force and effect as if more fully set forth at length herein.

50.   Pursuant to the terms of the Agreement, the Defendant had the duty and obligation to ensure that the Package and its contents, whatever they might be, reached their intended destination.

51.   Upon information and belief, the Defendant and/or its employees, agents and/or representatives intentionally and/or wrongfully exercised unauthorized dominion and control over the Package and its contents to the exclusion of the Plaintiffs, as rightful owners and possessors thereof.

52.   Despite repeated demands by the Plaintiffs that Package and its contents be returned to them or that they be reimbursed for same, upon information and belief, the Defendant and/or its employees, agents and/or representatives intentionally and/or wrongfully continued to exercise unauthorized dominion and control same and failed, neglected and/or refused to make payment for same.

9

53.    That by reason of the foregoing, Mr. Baguette suffered damages in the amount of $40,000, together with interest, costs, disbursements, and any other such relief as the Court deems just and proper.

**WHEREFORE,** the Plaintiff Mr. Baguette, Ltd. respectfully requests Judgment of this Honorable Court against the Defendant:

(1) on the First Cause of Action in the sum of $40,000, together with interest thereon at a rate of 9% (as provided under the New York State CPLR) per annum from the date upon which the package was stolen, lost or otherwise misappropriated, September 8, 2006; and

(2) on the Second Cause of Action in the sum of $40,000 together with interest thereon at a rate of 9% (as provided under the New York State CPLR) per annum from the date upon which the package was stolen, lost or otherwise misappropriated, September 8, 2006; and

(3) on the Third Cause of Action in the sum of $40,000 together with interest thereon at a rate of 9% (as provided under the New York State CPLR) per annum from the date upon which the package was stolen, lost or otherwise misappropriated, September 8, 2006; and

(4) on the Fourth Cause of Action in the sum of $40,000 together with interest thereon at a rate of 9% (as provided under the New York State CPLR) per annum from the date upon which the package was stolen, lost or otherwise misappropriated, September 8, 2006; and

(5) on the Fifth Cause of Action in the sum of $40,000 together with interest thereon at a rate of 9% (as provided under the New York State CPLR) per annum from the date upon which the package was stolen, lost or otherwise misappropriated, September 8, 2006; and

That the Defendant be Ordered to pay all costs and disbursements made by Mr. Baguette in furtherance of this action, together with reasonable attorney's fees; and whatever additional relief this Court deems to be just and proper.

Dated: Larchmont, New York
      July 3, 2007

MCMILLAN CONSTABILE, LLC

By: _____
      Stewart A. McMillan, Esq.

11

## VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF WESTCHESTER      )

Stewart A. McMillan, being duly sworn, deposes and says:

I am the attorney of record for the Plaintiff, Mr. Baguette, Ltd.  I have read the annexed Verified Complaint, know the contents thereof and the allegations are true to the best of my knowledge, except as to those matters therein which are stated to be upon information and belief. As to those matters I believe them to be true.

The reason I make this verification instead of the Plaintiff, Mr. Baguette, Ltd., is because said plaintiff does not maintain an office within Westchester County.

_____
Stewart A. McMillan, Esq.

12

# EXHIBIT A



**FedEx.**

Received

SEP 2 5 2003

FedEx Express
DVX Eastern Region

September 10, 2003

Erik Schoenebom
MR. B. LTD.
535 5th Avenue
Floor 30
New York, NY 10017

Subject:  Declared Value Exception Agreement
          Participating Account Number(s): 1123-6614-8

          This Agreement will become effective no later than five (5) days after receipt by FedEx
          Security of fully executed Agreement.

Dear Mr. Schoeneborn:

This is an Agreement (the "Agreement") between Federal Express Corporation ("FedEx Express") and
MR. B. LTD. ("Customer") for the participating account number(s) concerning the shipment of the
commodity defined below, within the U.S. from designated Customer locations. The Agreement
supersedes all prior Agreements and arrangements with respect to the subject matter.

Customer agrees to use FedEx Express as the primary carrier for the transportation and delivery of the
commodity defined below. The following conditions are in addition to the service conditions contained
in the FedEx Service Guide. The FedEx Service Guide may be amended from time to time, and is
incorporated into this Agreement by reference. In the event of a conflict between the Agreement and the
FedEx Service Guide, the Agreement controls.

a)  For the purposes of this Agreement, the commodities defined as: jewelry, watches and watch
    movements, pearls, precious and semi-precious stones, jewels, gold, silver, platinum, other
    precious metals and alloys ("Commodity"). FedEx Express hereby grants Customer an exception to
    its maximum declared value limit of $500 on the Commodity and permits the Customer to declare a
    higher value per package subject to the following conditions: a $1.50 minimum charge will be
    assessed for all domestic shipments exceeding $100 in declared value. For domestic shipments
    exceeding $500 in declared value, an additional $.30 will be charged for each $100 (or fraction
    thereof declared value).

b)  Customer agrees to use FedEx First Overnight, FedEx Priority Overnight, FedEx Standard
    Overnight, FedEx 2Day Service, FedEx Express Saver, or FedEx International Priority services
    exclusively.

c)  Limits of liability assumed under this Agreement are as follows:

| Service | Days | Maximum Declared Value |
|---|---|---|
| FedEx First Overnight, Priority Overnight, and Standard Overnight | Monday through Thursday | $50,000.00 |
| FedEx First Overnight, Priority Overnight, and Standard Overnight | Friday for Saturday | $50,000.00 |
| FedEx First Overnight, Priority | Friday for Monday | $10,000.00 |

JSV 5.14.03

Declared Value Exception Agreement



| Overnight, and Standard Overnight | | |
|---|---|---|
| FedEx 2Day | Monday • Friday | $10,000.00 |
| FedEx Express Saver | Monday • Friday | $500.00 |

d) FedEx Express' liability shall not exceed the replacement cost of the item(s) on the invoice, which Customer issues to the package recipient, or the declared value on the airbill, whichever is less.

e) In no event will FedEx Express be liable for any amount greater than $500, regardless of the declared value, for any package not picked up from a FedEx Express Customer location and shipped on the FedEx Express Account Number covered in this Agreement or dropped off at the approved location(s) specified, when applicable, in an attachment entitled Approved DVX Drop-off Locations.

f) Customer will use a FedEx Express Box (medium or large) or a generic container approved by either the FedEx Express Packaging Engineer or FedEx Express Security Specialist with no external markings to identify shipper or contents.

g) All packages tendered are subject to x-ray examination by FedEx Express. If the x-ray indicates the package does not contain the Commodity, the declared value for the package is null and void and FedEx Express has the option of returning the package to the shipper. FedEx Express shall in no event be liable to Customer for x-rayed shipments returned to Customer when found not to contain the Commodity.

h) Upon obtaining a signature for delivery of the shipment, FedEx Express' liability for the shipment is complete, unless the shipment has been properly packed and sealed and shows evidence of tampering or damage to the container, resulting in a breach of the exterior integrity of the container. Customer shall report to FedEx Express all non-delivery of merchandise under this Agreement within seventy-two (72) hours of service commitment by FedEx Express. Customer must report to the FedEx Cargo Claims Department by calling 1-800-463-3339 and will receive a customer exception request number (CER#) which Customer must retain as conclusive evidence of submission of its claim on a timely basis. The CER# will confirm the date the claim was submitted to FedEx Express.

i) Customer understands that FedEx Express does not provide insurance coverage, and does not provide coverage of any kind for losses occasioned by "Liabilities Not Assumed" as defined in the FedEx Service Guide. Notwithstanding the Liabilities Not Assumed provisions of the FedEx Service Guide, FedEx Express agrees for purposes of this Agreement to be liable for criminal acts of third parties (including FedEx Express employees) up to the declared value of the Commodity.

j) FedEx Express shall not be liable for any losses from intentional or criminal acts of Customer, Customer's employees or agents, or persons acting with, or under the direction of, Customer, or Customer's employees or agents, if the loss that occurs may be reasonably expected to result from such acts or is, in fact, the intended result of such an act.

k) Signature is required on all shipments tendered under this Agreement. Signature Release is not available for packages shipped under this Agreement. If FedEx Express receives packages under this Agreement and Customer marks such packages for signature release, then Customer expressly waives the right to file a claim for all such shipments hereunder.

l) FedEx Express has the right to terminate this Agreement immediately if it was obtained by fraud, material misrepresentation, or concealment of material facts or if Customer intentionally concealed any material fact or circumstance before or after the loss. Furthermore, FedEx Express shall have no liability under this Agreement if Customer concealed or misrepresented any material fact or circumstance before or after a loss.

JSV 5.14.03
467693

Declared Value Exception Agreement

**FedEx** In the event of a loss, Consumer agrees to fully cooperate with FedEx Express or its designated representative in the course of any investigation concerning a claim submitted by Customer. FedEx Express may require Customer to submit to examination under oath and sign a transcript of it.

n) When FedEx Express settles a loss caused by theft or disappearance, FedEx Express has the right to obtain all or part of any Commodity, which may be recovered. FedEx Express Cargo Claims must be notified in writing, within fourteen (14) days of recovery of the Commodity. FedEx Express will inform Customer of its intent to exercise this right within ten (10) days of receipt of Customer's notice of recovery.

o) This Agreement may be terminated without cause by either party upon five business (5) days prior written notice.

p) FedEx Express will not honor any claim for a shipment that fails to meet any of the conditions in this Agreement. Failure to comply with any of the conditions of this Agreement may result in the denial of a claim.

3. This Agreement represents the entire Agreement and supersedes any and all prior agreements or understandings of the parties written or oral, with respect to the subject matter hereof. This Agreement may only be modified, or any rights under it waived, by a written document executed by the duly authorized representative of both parties. In the event of any conflicts or inconsistencies between the terms of this Agreement and the FedEx Service Guide, the terms of this Agreement will control.

4. Execution of this Agreement by an authorized representative of Customer constitutes acceptance of its terms and conditions by Customer. Please execute this Agreement by signature of an authorized representative below, and return to FedEx Express in the enclosed envelope.

Sincerely,

FEDERAL EXPRESS CORPORATION

David O'Connor
Security Specialist
212-360-4010

Approved and Accepted:

MR. B. LTD.:                                FEDERAL EXPRESS CORPORATION:

Customer's Authorized Agent                 FedEx Express Security Department

By: _____                       By: _____

Name: ERIK SCHLITZ XPEDX    Name: Tom Sullivan
        (Please Print)                              (Please Print)

Title: TEXTILE MANAGER          Title: Managing Director
Date: 9/18/03                   Date: 9/25/03

                                 Robert E. Raetz, #191237
                                 Zone Manager
                                 Eastern Region Security
                                 FedEx Express

                                 Absence of C.W. Connors

JSV 5.14.03
467693

# EXHIBIT B



IGC Group nv
Havenlaan/laan 2
Box 348, Room 708
2018 Antwerp - Belgium
Tel. +32 3 233 45 67
fax +32 3 231 16 34
btw BE 0418.309.501

info@igcgroup.com
www.igcgroup.com

**IGC Group**

**INVOICE**        1652              13/03/2006

MR. BAGUETTE
455, 5TH AVENUE
NEW YORK, NY 10017
U.S.A.

Payment:    08/06/2006

| DESCRIPTION | LOT No. | STONES | CARATS | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| POLISHED DIAMONDS FROM CONS. 92 | | | | | |
| SNP04900 | 11 | | 7.33 | 2 350.00 | 17 225.50 |
| | 12 | | 4.28 | 2 800.00 | 11 984.00 |
| | 13 | | 5.60 | 2 500.00 | 14 000.00 |
| | 15 | | 10.19 | 2 100.00 | 21 399.00 |
| | 20 | | 18.29 | 1 650.00 | 30 178.50 |
| | | | 45.69 | | 94 787.00 |
| USER FEE 0.18% + $50 FOR CUSTOMS CLEARANCE | | | | *credit* | 220.62 |
| | | | 45.69 | USD | 95 007.62 |

$ = 0.84    TEGENWAARDE (ENKEL INDICATIEF) =    79 806.40 EUR

**Payable in US$ only**
**Enkel betaalbaar in US$**

The diamonds here-in invoiced have been purchased from legitimate sources not involved in funding conflict and in compliance with United Nations resolutions. The seller hereby guarantees that these diamonds are conflict free, based on personal knowledge and/or written guarantees provided by the supplier of these diamonds.

*DEAR SIR, THE PROS 9.60 @ 2500 p/ct TOTAL 24,000*
*AT FEDEX. THIS IS 5.60 @ 2500 AND THE REST*
*FROM LOT 7.33 WHICH WAS 400 WHICH*
*WE RAISES TO 2500 per ct.*
*So  + 5.60*
*       4.00*
*  ——————*
*    9.60  X 2500 p/ct*

**IGC Group**

SIGHTHOLDER
DIAMOND TRADING COMPANY

O.O. 2122 - H.R. Antwerpen - GDSV nr 7522
Bankers:    ABN-AMRO Bank,    Pelikaanstraat 78, Antwerp.    5400. 670 - 6404155 - 90
ABB Bank    Pelikaanstraat 54, Antwerp.    Sect. 802 - 0519801 - 15
DEXIA Bank    Schuttershof 19-20, Antwerp.    5-rot. 552 - 3042200 - 40

From: B.M.B. Diamond Dies, Inc.    ALL RISK MEMORANDUM
DELUX DIAMOND CO., INC.
580 Fifth Avenue, Suite 702
New York, N.Y. 10036

TEL: (212) 869-0556-9
FAX: (212) 869-0990

TO: M. Rossetti    DATE 9/6/00

This merchandise described below is delivered, subject to all of the conditions, terms and provisions printed on the reverse side of this memorandum.

| LOT. NO. | SIZE | STONES | CARAT | PER CARAT | TOTAL |
|---|---|---|---|---|---|
| 8680 | 4k | 2 | 2.17 wt | 3065 | 6650 |
| | 1/4 | 2 | 2.47 wt | 3785 | 9350 |
| | | | | | 16000 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

*Dear Sir,*
*This memo shows the*
*Diamonds we put into steds. This is*
*our consigment Memo from a*
*diamond house*
*George Teloni?*

Jan-18-2007 09:14PM From-MR BAGUETTE          2128836448          T-817  P.013/014  F-335

**MR. BAGUETTE LTD.**
535 FIFTH AVE • NEW YORK, NY 10017
TEL: (212) 883-6682 • (800) 578-3456 • FAX: (212) 883-6648



**MEMORANDUM**

Shipped to:

**Consigned to:**

MORGAN'S JEWELERS INC
22200 HAWTHORNE BLVD
TORRANCE, CA 90505

MORGAN'S JEWELERS INC
22200 HAWTHORNE BLVD
TORRANCE, CA 90505

Shipped Via: REGISTERED
P.O.: 07

THE MERCHANDISE DELIVERED TO YOU IS TO REMAIN IN YOUR SOLE POSSESSION AND IS NOT TO BE DELIVERED TO OR LEFT WITH OTHERS, INCLUDING, BUT WITHOUT LIMITATION, BROKERS.

| | | | | | | |
|---|---|---|---|---|---|---|
| MPB630 | 9 | RDS  4/4'S | 9.60 | 2500.00 | 24000.00 | |
| STR4121 | 1 | BR STUDS WG | 2.17 | | 6660.00 | |
| STR4526 | 1 | BR STUDS WG | 2.47 | | 9350.00 | |
| | | ATTN: RUSS VARON | | | | |
| | 11 | << TOTAL MEMO >> | 14.24 | | 40000.00 | |

SUBJECT TO TERMS ON REVERSE SIDE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MR. BAGUETTE, LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION NO.: |
| | ) |
| FEDERAL EXPRESS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

---

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                          :ss:
COUNTY OF NEW YORK )

Lisa Ann Rao, being duly sworn, deposes and says:

I am not a party to this action, I am over 18 years of age and I reside at Staten

Island, New York.

On September 10, 2007, I served the within **Notice of Removal** upon the
attorneys listed below at the address designated by said attorney for that purpose by
depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in
an official depository under the exclusive care and custody of the United States Postal
Service within the State of New York.

        Stewart A. McMillan, Esquire
        McMillan, Constabile, Maker & Perone, LLP
        2180 Boston Post Road
        Larchmont, New York 10538

                                        Lisa Ann Rao

Sworn to before me this
10th day of September, 2007

Notary Public
Olivia M. Gross
Notary Public, State of New York
No. 02GR4860934
Qualified in Nassau County
Commission Expires May 5, 2010

3

| Civil Action No: | Year | RJI No. | Hon. |
|---|---|---|---|

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MR. BAGUETTE, LTD.,

Plaintiff,

-against-

FEDERAL EXPRESS CORPORATION,

Defendant.

## NOTICE OF REMOVAL

NEWMAN FITCH ALTHEIM MYERS, P.C.

*Attorneys for Defendant-Federal Express Corporation d/b/a FedEx Express*
*Office and Post Office Address, Telephone*
14 WALL STREET
NEW YORK, N.Y. 10005-2101
(212) 619-4350

| To | Signature (Rule 130-1.1-a) |
|---|---|
| | ...................................................... |
| | Print name beneath |
| Attorney(s) for | |

Service of a copy of the within                                                     is hereby admitted.

Dated,                                      ......................................................
                                             Attorney(s) for

Please take notice
☐ NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF SETTLEMENT
that an order                                    of which the within is a true copy will be presented for
settlement to the HON.                                                one of the judges
of the within named court, at
on                          at             M

Dated,                                  Yours, etc.
                                        NEWMAN FITCH ALTHEIM MYERS, P.C.
                                        *Attorneys for*
To                                      *Office and Post Office Address*
                                        14 WALL STREET
Attorney(s) for                         NEW YORK, N.Y. 10005-2101