# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **MR. BAGUETTE, LTD.,** | ) | **Case No.: 07 CIV 7931 (RMB)** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **FEDERAL EXPRESS** |
| **v.** | ) | **CORPORATION'S ANSWER,** |
| | ) | **MOTIONS TO DISMISS, AND** |
| | ) | **AFFIRMATIVE DEFENSES** |
| **FEDERAL EXPRESS CORPORATION,** | ) | **TO COMPLAINT** |
| | ) | |
| **Defendant.** | ) | |

Federal Express Corporation, d/b/a FedEx Express ("FedEx"), submits its Answer and Affirmative Defenses to the Complaint as follows:

As to the first, unnumbered paragraph of the Complaint beginning, "Plaintiff, Mr. Baguette, Ltd. ... ." FedEx is without knowledge or information sufficient to form a belief as to the truth or the accuracy of the allegations contained therein, and therefore, it denies same, demanding strict proof thereof.

1. FedEx admits that the Declared Value Exception Agreement between it and Mr. B. LTD. attached to the Complaint as Exhibit "A," being thereafter amended, modified, and/or supplemented speaks for itself. FedEx denies, however, the remaining allegations contained in paragraph 1, demanding strict proof thereof.

## The Parties

2. FedEx is without knowledge or information sufficient to form a belief as to the truth or the accuracy of the allegations contained in paragraph 2, and therefore, it denies same, demanding strict proof thereof.

3. FedEx denies the allegations contained in paragraph 3, demanding strict proof thereof.

4. FedEx admits the allegations contained in paragraph 4.

## Factual Background

5. As FedEx does not know what the Plaintiff's intended interpretation or meaning of "worldwide shipping conglomerate" is, it denies the allegations contained in paragraph 5, stating affirmatively that it is an interstate all-cargo airline operating under authority granted by the Federal Aviation Administration.

6. As FedEx does not know what the Plaintiff's intended interpretation or meaning of "commercial retailer of high-end jewelry and other valuable commodities" is, it denies the allegations contained in paragraph 6, demanding strict proof thereof.

7. FedEx admits that the Declared Value Exception Agreement between it and Mr. B. LTD. attached to the Complaint as Exhibit "A," being thereafter amended, modified, and/or supplemented speaks for itself. FedEx denies, however, the remaining allegations contained in paragraph 7, demanding strict proof thereof.

8. FedEx admits that the Declared Value Exception Agreement between it and Mr. B. LTD. attached to the Complaint as Exhibit "A," being thereafter amended, modified, and/or supplemented speaks for itself. FedEx denies, however, the remaining allegations contained in paragraph 8, demanding strict proof thereof.

9. FedEx admits that the Declared Value Exception Agreement between it and Mr. B. LTD. attached to the Complaint as Exhibit "A," being thereafter amended, modified, and/or supplemented speaks for itself. FedEx denies, however, the remaining allegations contained in paragraph 9, demanding strict proof thereof.

10. FedEx admits that the Declared Value Exception Agreement between it and Mr. B. LTD. attached to the Complaint as Exhibit "A," being thereafter amended, modified, and/or

supplemented speaks for itself. FedEx denies, however, the remaining allegations contained in paragraph 10, demanding strict proof thereof.

11. FedEx admits that the Declared Value Exception Agreement between it and Mr. B. LTD. attached to the Complaint as Exhibit "A," being thereafter amended, modified, and/or supplemented speaks for itself. FedEx denies, however, the remaining allegations contained in paragraph 11, demanding strict proof thereof.

12. FedEx denies the allegations contained in paragraph 12, demanding strict proof thereof.

13. FedEx admits that the Declared Value Exception Agreement between it and Mr. B. LTD. attached to the Complaint as Exhibit "A," being thereafter amended, modified, and/or supplemented speaks for itself. FedEx further admits, that the particular shipment made the subject matter of this litigation, being subject to the terms and conditions of the interstate contract of carriage evidenced by: the Declared Value Exception Agreement under which the shipment was traveling; the Airbill (Tracking Number: 910323045011) under which the shipment was traveling; and, the applicable FedEx Service Guide incorporated therein under which the shipment was traveling, was accepted on or about Friday, September 8, 2006 in New York, New York for subsequent delivery to Torrance, California (Derek Ruiz, Mr. B. Ltd., 535 5th Avenue, 30th Floor, New York City, New York 10017 to Rus Varon, Morgan J. Inc., 22200 Hawthorne Boulevard, Torrance, California 90505). FedEx denies, however, the remaining allegations contained in paragraph 13, demanding strict proof thereof.

14. FedEx admits that the particular shipment made the subject matter of this litigation, being subject to the terms and conditions of the interstate contract of carriage evidenced by: the Declared Value Exception Agreement under which the shipment was traveling; the Airbill (Tracking Number: 910323045011) under which the shipment was traveling; and, the applicable

FedEx Service Guide incorporated therein under which the shipment was traveling, was accepted on or about Friday, September 8, 2006 in New York, New York for subsequent delivery to Torrance, California. FedEx further admits, that a value of $40,000.00 was erroneously declared under the contract of carriage outlined above. FedEx denies, however, the remaining allegations contained in paragraph 14, demanding strict proof thereof.

15. FedEx admits the allegations contained in paragraph 15.

16. FedEx admits the Declared Value Exception Agreement between it and Mr. B. LTD. attached to the Complaint as Exhibit "A," being thereafter amended, modified, and/or supplemented was in effect on Friday, September 8, 2006.

17. FedEx admits upon information and belief the allegations contained in paragraph 17.

18. FedEx admits upon information and belief the allegations contained in paragraph 18, excepting any and all implications of criminal activity of any character, kind, or nature.

19. FedEx admits that the Declared Value Exception Agreement between it and Mr. B. LTD. attached to the Complaint as Exhibit "A," being thereafter amended, modified, and/or supplemented speaks for itself. FedEx denies, however, the remaining allegations contained in paragraph 19, demanding strict proof thereof.

20. FedEx admits that the Declared Value Exception Agreement between it and Mr. B. LTD. attached to the Complaint as Exhibit "A," being thereafter amended, modified, and/or supplemented speaks for itself. FedEx denies, however, the remaining allegations contained in paragraph 20, demanding strict proof thereof.

21. FedEx denies the allegations contained in paragraph 21, demanding strict proof thereof.

22. FedEx is without knowledge or information sufficient to form a belief as to the truth or the accuracy of the allegations contained in paragraph 22, and therefore, it denies the same, demanding strict proof thereof.

23. FedEx admits that it attempted in accordance with the contract of carriage outlined above, to compensate/reimburse the Plaintiff. FedEx further admits, that the Plaintiff defiantly refused to accept compensation/reimbursement in accordance with the contract of carriage, demanding instead, extraordinary one-time relief contrary to the contract of carriage. FedEx denies, however, the remaining allegations contained in paragraph 23, demanding strict proof thereof.

24. FedEx denies the allegations contained in paragraph 24, demanding strict proof thereof.

25. FedEx denies the allegations contained in paragraph 25, demanding strict proof thereof.

26. FedEx denies the allegations contained in paragraph 26, demanding strict proof thereof.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

27. FedEx re-alleges, repeats, and incorporates its responses to paragraphs 1 through 26 above, as if fully set forth herein.

28. FedEx admits that the Declared Value Exception Agreement between it and Mr. B. LTD. attached to the Complaint as Exhibit "A," being thereafter amended, modified, and/or supplemented speaks for itself. FedEx denies, however, the remaining allegations contained in paragraph 28, demanding strict proof thereof.

29. FedEx denies the allegations contained in paragraph 29, demanding strict proof thereof.

30. FedEx denies the allegations contained in paragraph 30, including its subparts, demanding strict proof thereof.

31. FedEx denies the allegations contained in paragraph 31, demanding strict proof thereof.

32. FedEx denies the allegations contained in paragraph 32, demanding strict proof thereof.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of an Implied Contract)

33. FedEx re-alleges, repeats, and incorporates its responses to paragraphs 1 through 32 above, as if fully set forth herein.

34. FedEx admits that the Declared Value Exception Agreement between it and Mr. B. LTD. attached to the Complaint as Exhibit "A," being thereafter amended, modified, and/or supplemented speaks for itself. FedEx denies, however, the remaining allegations contained in paragraph 34, demanding strict proof thereof.

35. FedEx denies the allegations contained in paragraph 35, demanding strict proof thereof.

36. FedEx denies the allegations contained in paragraph 36, including its subparts, demanding strict proof thereof.

37. FedEx denies the allegations contained in paragraph 37, demanding strict proof thereof.

38. FedEx denies the allegations contained in paragraph 38, demanding strict proof thereof.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Fiduciary Duty)

39. FedEx re-alleges, repeats, and incorporates its responses to paragraphs 1 through 38 above, as if fully set forth herein.

40. FedEx admits that the Declared Value Exception Agreement between it and Mr. B. LTD. attached to the Complaint as Exhibit "A," being thereafter amended, modified, and/or supplemented speaks for itself. FedEx denies, however, the remaining allegations contained in paragraph 40, demanding strict proof thereof.

41. FedEx admits that the Declared Value Exception Agreement between it and Mr. B. LTD. attached to the Complaint as Exhibit "A," being thereafter amended, modified, and/or supplemented speaks for itself. FedEx denies, however, the remaining allegations contained in paragraph 41, demanding strict proof thereof.

42. FedEx denies the allegations contained in paragraph 42, including its subparts, demanding strict proof thereof.

43. FedEx denies the allegations contained in paragraph 43, demanding strict proof thereof.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

44. FedEx re-alleges, repeats, and incorporates its responses to paragraphs 1 through 43 above, as if fully set forth herein.

45. FedEx admits that the Declared Value Exception Agreement between it and Mr. B. LTD. attached to the Complaint as Exhibit "A," being thereafter amended, modified, and/or supplemented speaks for itself. FedEx denies, however, the remaining allegations contained in paragraph 45, demanding strict proof thereof.

46. FedEx admits that the Declared Value Exception Agreement between it and Mr. B. LTD. attached to the Complaint as Exhibit "A," being thereafter amended, modified, and/or supplemented speaks for itself. FedEx denies, however, the remaining allegations contained in paragraph 46, demanding strict proof thereof.

47. FedEx denies the allegations contained in paragraph 47, including its subparts, demanding strict proof thereof.

48. FedEx denies the allegations contained in paragraph 48, demanding strict proof thereof.

## AS AND FOR AN (FIFTH) EIGHTH CAUSE OF ACTION
### (Conversion)

49. FedEx re-alleges, repeats, and incorporates its responses to paragraphs 1 through 49 above, as if fully set forth herein.

50. FedEx admits that the Declared Value Exception Agreement between it and Mr. B. LTD. attached to the Complaint as Exhibit "A," being thereafter amended, modified, and/or supplemented speaks for itself. FedEx denies, however, the remaining allegations contained in paragraph 50, demanding strict proof thereof.

51. FedEx denies the allegations contained in paragraph 51, demanding strict proof thereof.

52. FedEx admits that it attempted in accordance with the contract of carriage outlined above, to compensate/reimburse the Plaintiff. FedEx further admits, that the Plaintiff defiantly refused to accept compensation/reimbursement in accordance with the contract of carriage, demanding instead, extraordinary one-time relief contrary to the contract of carriage. FedEx denies, however, the remaining allegations contained in paragraph 52, demanding strict proof thereof.

53. FedEx denies the allegations contained in paragraph 53, demanding strict proof thereof.

As to the last, unnumbered paragraph of the Complaint (including subparts) beginning, "WHEREFORE, the Plaintiff ... ." FedEx denies the allegations contained therein, demanding strict proof thereof.

ALL ALLEGATIONS IN THE COMPLAINT NOT HERETOFORE ADMITTED, ARE DENIED.

## AFFIRMATIVE DEFENSES

AND NOW, having responded to the Complaint paragraph by paragraph, and having moved to dismiss in accordance with the negotiated and agreed upon terms and conditions of the interstate contract of carriage made the subject matter of this litigation, FedEx states by way of Affirmative Defenses, as follows:

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim or cause of action upon which any relief can or could be granted. It should, therefore, be immediately dismissed. Please see, *Nippon Fire & Marine Insurance Co., Ltd. v. Skyway Freight Systems, Inc., et. al.*, 235 F. 3d 53 (2nd Cir. 2000).

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff's state law claims as alleged and purported causes of action in particular, are preempted by federal common law applicable to federally certificated air carriers, and by 49 U.S.C. § 41713. Please see, *Nippon Fire & Marine Insurance Co., Ltd. v. Skyway Freight Systems, Inc., et. al.*, 235 F. 3d 53, 59 (2nd Cir. 2000).

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims as alleged and purported causes of action in the aggregate, are barred by negotiated agreement, as the Plaintiff did not comply with the terms and conditions of the applicable Declared Value Exception Agreement, including specifically, but in no way whatsoever limited to, the notice requirements.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims as alleged and purported causes of action in the aggregate, are barred and/or are limited by negotiated agreement pursuant to the contract of carriage evidenced by: the Declared Value Exception Agreement under which the shipment was traveling; the Airbill (Tracking Number: 910323045011) under which the shipment was traveling; and, the applicable FedEx Service Guide incorporated therein under which the shipment was traveling.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims as alleged and purported causes of action in the aggregate, are barred and/or are limited by its own actions, breaches of contract, and/or omissions, or the actions, breaches of contract, and/or omissions of its agents, employees, or representatives.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims as alleged and purported causes of action in the aggregate, are barred and/or are limited by its own assumption of risk, or the assumption of risk by its agents, employees, or representatives.

## SEVENTH AFFIRMATIVE DEFENSE

FedEx asserts affirmatively that there may be other necessary persons and/or entities which have not yet been named and/or served in this action, which may be at fault in relation to the matters referred to in this action, and accordingly, that such fault may be a proximate cause and/or the sole proximate cause of the Plaintiff's alleged damages, if any at all.

## EIGHTH AFFIRMATIVE DEFENSE

FedEx reserves herein unto itself, the right to assert, and option of asserting, additional Affirmative Defenses as necessitated by any additional facts and/or information adduced and/or provided hereafter in this action.

**WHEREFORE**, Federal Express Corporation, d/b/a FedEx Express respectfully requests that the Complaint filed herein against it, be dismissed in its entirety, with full and complete prejudice, forever, and that it be awarded its costs, fees, and expenses.

Dated: New York, New York
        September 10, 2007

Respectfully Submitted,
Attorney for Defendant
FEDERAL EXPRESS CORPORATION,
d/b/a FEDEX EXPRESS

By: Olivia M. Gross [OMG 6008]
14 Wall Street - 22nd Floor
New York, New York 10005-2101
Telephone: (212) 619-4350
Our Ref. No.: FDX 16174

Of Counsel:

Thomas W. Southerland III, Esquire
3620 Hacks Cross Road
Building B, Third Floor
Memphis, TN 38125
Telephone: (901) 434-8538

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MR. BAGUETTE, LTD.,                          )
                                             )
        Plaintiff,                         )
                                             )
        v.                                 ) CIVIL ACTION NO.: 07 CIV 7931 (RMB)
                                             )
FEDERAL EXPRESS CORPORATION,  )
                                             )
        Defendant.                         )

---

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     :ss:
COUNTY OF NEW YORK )

       Lisa Ann Rao, being duly sworn, deposes and says:

       I am not a party to this action, I am over 18 years of age and I reside at Staten Island, New York.

       On September 10, 2007, I served the within **Answer** upon the attorneys listed below at the address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                    Stewart A. McMillan, Esquire
                    McMillan, Constabile, Maker & Perone, LLP
                    2180 Boston Post Road
                    Larchmont, New York 10538

                                    _____
                                    Lisa Ann Rao

Sworn to before me this
10th day of September, 2007

_____
Notary Public
Olivia M. Gross
Notary Public, State of New York
No. 02GR4860934
Qualified in Nassau County
Commission Expires May 5, 2010

| Civil Action No: | 7931 (RMB) | Year 07 | RJI No. | Hon. |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MR. BAGUETTE, LTD.,

Plaintiff,

-against-

FEDERAL EXPRESS CORPORATION,

Defendant.

## FEDERAL EXPRESS CORPORATION'S ANSWER, MOTIONS TO DISMISS, AND AFFIRMATIVE DEFENSES TO COMPLAINT

NEWMAN FITCH ALTHEIM MYERS, P.C.
*Attorneys for Defendant-Federal Express Corporation d/b/a FedEx Express*
*Office and Post Office Address, Telephone*
14 WALL STREET
NEW YORK, N.Y. 10005-2101
(212) 619-4350

To

Signature (Rule 130-1.1-a)

..............................................................
Print name beneath

Attorney(s) for

Service of a copy of the within                                is hereby admitted.

Dated,
..............................................................
Attorney(s) for

Please take notice
☐ NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF SETTLEMENT
that an order                                    of which the within is a true copy will be presented for
settlement to the HON.                                              one of the judges
of the within named court, at
on                          at                  M

Dated,                                          Yours, etc.
                                         NEWMAN FITCH ALTHEIM MYERS, P.C.
                                         *Attorneys for*
To                                              *Office and Post Office Address*
                                              14 WALL STREET
Attorney(s) for                              NEW YORK, N.Y. 10005-2101