IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MR. BAGUETTE, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> FEDERAL EXPRESS CORPORATION, <br><br> Defendant. | No.: <u>07-CIV 7931</u> <br><br> FEDERAL EXPRESS CORPORATION'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION |

Federal Express Corporation, d/b/a FedEx Express ("FedEx") submits its Responses to the Plaintiff's Requests for Admission as follows:

## GENERAL OBJECTIONS

1. These General Objections are applicable to each and every Request herein, and thus, any failure to repeat an objection herein shall not be deemed in any way whatsoever a waiver thereof.

2. FedEx objects to the Plaintiff's Requests for Admission to the degree and to the extent they seek information duly protected against disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or doctrine.

3. FedEx objects to the Plaintiff's Requests for Admission to the degree and to the extent they seek the disclosure of proprietary information.

4. FedEx objects to the Plaintiff's Requests for Admission to the degree and to the extent they call for information and/or documentation that is and/or are not currently in FedEx's possession, custody, or control.

5.  FedEx has not yet completed its discovery, investigation, or preparation for the trial of this cause. Accordingly, any information and/or documentation is and/or are provided without prejudice to FedEx's rights to make further objections and to present additional information and documentation which is and/or are hereafter discovered, or which further discovery and investigation may indicate is and/or are relevant to this action and called for by these Requests for Admission.

6.  FedEx reserves herein its rights to object as to the competency, relevancy, materiality, and/or admissibility of the information and/or documentation disclosed pursuant to the Plaintiff's Requests for Admission.

7.  Without waiving any General Objection, FedEx responds to the Plaintiff's Requests for Admission in accordance with FedEx's understanding of the fair meaning thereof.

**REQUEST FOR ADMISSION NO.: 1**

On September 25, 2003, the Parties entered into Declared Value Exception Agreement (the "Agreement").

**RESPONSE:** FedEx objects to this Request on the ground of relevance, as well as, on the ground that this Request refers to any document or agreement other than and/or superseded by the October 21, 2003 Declared Value Exception Agreement, as the "Agreement." FedEx admits only that the October 21, 2003 Declared Value Exception Agreement, which speaks for itself, governed the shipment made the subject matter of this litigation.

**REQUEST FOR ADMISSION NO.: 2**  Prior to September 8, 2006, by virtue of the express course of dealing between the parties, Federal Express was aware that Mr.

2

Baguette shipped high-end jewelry and commodities, through Federal Express, to designated consumer locations.

**RESPONSE**: FedEx admits that it was aware that the Plaintiff shipped the commodities defined as, in, and by the October 21, 2003 Declared Value Exception Agreement, which speaks for itself.

**REQUEST FOR ADMISSION NO.: 3** The Agreement governed the shipment by Fed Ex of expressly defined Mr. Baguette's commodities between designated Mr. Baguette customer locations.

**RESPONSE:** FedEx objects to this Request on the ground of relevance, as well as, on the ground that this Request refers to any document or agreement other than and/or superseded by the October 21, 2003 Declared Value Exception Agreement, as the "Agreement." FedEx admits only that the October 21, 2003 Declared Value Exception Agreement, which speaks for itself, governed the shipment made the subject matter of this litigation.

**REQUEST FOR ADMISSION NO.: 4** Despite the terms of the Agreement, Fed Ex expressly or impliedly granted Mr. Baguette an exception to its' customary maximum declared value limit of $500 for shipment of designated commodities and permitted Mr. Baguette to declare a higher value per package subject to certain specified conditions, including the payment of additional fees for all domestic shipments, exceeding $500 in declared value.

**RESPONSE:** FedEx objects to this Request on the ground of relevance, as well as, on the ground that this Request refers to any document or agreement other than and/or superseded by the October 21, 2003 Declared Value Exception Agreement, as the "Agreement." FedEx admits only that the October 21, 2003 Declared Value Exception

Agreement, which speaks for itself, governed the shipment made the subject matter of this litigation, and further, that the Plaintiff was permitted to declare a higher value per package subject to the conditions and limitations outlined in and defined by the October 21, 2003 Declared Value Exception Agreement.

**REQUEST FOR ADMISSION NO.: 5** Because the September 8, 2006 shipment which is the subject of this action (The "Package") exceeded Five Hundred Dollars ($500.00) in declared value, Mr. Baguette paid additional fees for its shipment as defined by the Agreement.

**RESPONSE:** FedEx admits in accordance with the October 21, 2003 Declared Value Exception Agreement, that the Plaintiff was permitted to declare a higher value per package subject to the conditions and limitations outlined in and defined by the October 21, 2003 Declared Value Exception Agreement, which speaks for itself.

**REQUEST FOR ADMISSION NO.: 6** Mr. Baguette hired Defendant to deliver the Package from its offices located at 535 Fifth Avenue, New York, NY 10017 to Morgan Jewelers in Torrance, California.

**RESPONSE:** FedEx admits that the October 21, 2003 Declared Value Exception Agreement, which speaks for itself, outlines and defines its relationship with the Plaintiff. FedEx further admits upon information and belief, that the shipment made the subject matter of this litigation was traveling from 535 5th Avenue, 30th Floor, New York City, New York 10017 to 22200 Hawthorne Boulevard, Torrance, California 90505.

**REQUEST FOR ADMISSION NO.: 7** The Package contained merchandise, including diamonds, which were declared to be valued by Mr. Baguette at a total of $40,000 U.S. dollars.

4

**RESPONSE:** FedEx admits only that the Plaintiff has made these allegations in this litigation.

**REQUEST FOR ADMISSION NO.: 8** Mr. Baguette entered the declared value of said merchandise as $40,000.00 U.S. Dollars in its order and submitted said order, via computer, to FedEx prior to pick up by a FedEx employee.

**RESPONSE:** FedEx admits that the Plaintiff erroneously entered a Declared Value of $40,000.00 for a FedEx 2Day shipment.

**REQUEST FOR ADMISSION NO.: 9** Despite the Declared value of $40,000.00 US Dollars, FedEx did not reject said order or refuse to make delivery.

**RESPONSE:** FedEx admits in accordance with the October 21, 2003 Declared Value Exception Agreement, the conditions of which are and were expressly in addition to the service conditions contained in the applicable FedEx Service Guide, including but not limited to the Non-Waiver provision, that it did not reject or refuse to make delivery of the shipment made the subject matter of this litigation.

**REQUEST FOR ADMISSION NO.: 10** The Package was picked up by a FedEx employee from Mr. Baguette's offices on September 8, 2006.

**RESPONSE:** FedEx admits upon information and belief, the allegations contained in Request Number 10.

**REQUEST FOR ADMISSION NO.: 11** The Agreement was in full force and effect on September 8, 2006, and at all times relevant hereto.

**RESPONSE:** FedEx objects to this Request on the ground of relevance, as well as, on the ground that this Request refers to any document or agreement other than and/or superseded by the October 21, 2003 Declared Value Exception Agreement, as the "Agreement." FedEx admits only that the October 21, 2003 Declared Value Exception

Agreement, which speaks for itself, governed the shipment made the subject matter of this litigation.

**REQUEST FOR ADMISSION NO.: 12** As per the express and/or implied terms of the Agreement, the Package's contents were not labeled when picked up by the FedEx package carrier.

**RESPONSE:** FedEx objects to this Request on the ground of relevance, as well as, on the ground that this Request refers to any document or agreement other than and/or superseded by the October 21, 2003 Declared Value Exception Agreement, as the "Agreement." FedEx admits only that the October 21, 2003 Declared Value Exception Agreement, which speaks for itself, governed the shipment made the subject matter of this litigation, and further upon information and belief, that the shipment's contents were not labeled when picked-up.

**REQUEST FOR ADMISSION NO.:13** After pickup by the FedEx employee, the Package never arrived at its intended destination.

**RESPONSE:** FedEx admits the allegations contained in Request Number 13.

**REQUEST FOR ADMISSION NO.: 14** Pursuant to the Agreement, FedEx expressly or impliedly agreed to assume full liability for the criminal acts of FedEx's employees or third parties up to the declared value.

**RESPONSE:** FedEx objects to this Request on the ground of relevance, as well as, on the ground that this Request refers to any document or agreement other than and/or superseded by the October 21, 2003 Declared Value Exception Agreement, as the "Agreement." FedEx admits only that the October 21, 2003 Declared Value Exception Agreement, which speaks for itself and outlines the Limits of Liability and Maximum

Declared Values by service, governed the shipment made the subject matter of this litigation.

**REQUEST FOR ADMISSION NO.: 15** Pursuant to the Agreement, FedEx expressly or impliedly agreed to commence an immediate and thorough investigation with respect to all instances of lost or stolen merchandise.

**RESPONSE:** FedEx objects to this Request on the ground of relevance, as well as, on the ground that this Request refers to any document or agreement other than and/or superseded by the October 21, 2003 Declared Value Exception Agreement, as the "Agreement." FedEx admits only that the October 21, 2003 Declared Value Exception Agreement, which speaks for itself, governed the shipment made the subject matter of this litigation, including any investigation relating to the same.

**REQUEST FOR ADMISSION NO.: 16** FedEx did not conduct an investigation with respect to this matter.

**RESPONSE:** FedEx denies the allegations contained in Request Number 16.

**REQUEST FOR ADMISSION NO.: 17** FedEx refused to reimburse the Forty Thousand Dollar ($40,000.00) cost of the merchandise to Mr. Baguette.

**RESPONSE:** FedEx admits only that the Plaintiff did not abide by nor comply with the conditions of the October 21, 2003 Declared Value Exception Agreement, and thus, in accordance with the conditions of the October 21, 2003 Declared Value Exception Agreement, which speaks for itself, FedEx did not honor the Plaintiff's erroneous $40,000.00 demand.

**REQUEST FOR ADMISSION NO.: 18**  The Package was never at any time in the custody or possession of a third party other than FedEx employees.

**RESPONSE:** FedEx denies the allegations contained in Request Number 18.

Dated: New York, New York
      November 30, 2007.

Respectfully submitted,

NEWMAN FITCH ALTHEIM MYERS, P.C.

By: _____
Olivia M. Gross, Esq. (OMG 6008)
14 Wall Street, 22nd Floor
New York, New York 10005-2101
Telephone: (212) 619-4350

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION,
d/b/a FEDEX EXPRESS

*OF COUNSEL*:

Thomas W. Southerland III, Esq.
FedEx Express - Litigation
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, Tennessee 38125
Telephone: (901) 434-8538

TO:
Stewart A. McMillan, Esquire
McMillan, Constabile, Maker & Perone, LLP
2180 Boston Post Road
Larchmont, New York 10538

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MR. BAGUETTE, LTD., )<br><br>      Plaintiff, )<br><br>v. )<br><br>FEDERAL EXPRESS CORPORATION, )<br><br>      Defendant. ) | CIVIL ACTION NO.: 07 CIV 7931 (RMB) |

AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                    :ss:
COUNTY OF NEW YORK )

    Beth Jaffe, being duly sworn, deposes and says:

    I am not a party to this action, I am over 18 years of age and I reside at Queens County, New York.

    On November 30, 2007, I served the within **FEDERAL EXPRESS CORPORATION'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS** upon the attorneys listed below at the address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

TO:    Stewart A. McMillan, Esquire
        McMillan, Constabile, Maker & Perone, LLP
        2180 Boston Post Road
        Larchmont, New York 10538

                                                  Beth Jaffe

Sworn to before me this
30th day of November, 2007

_____
Notary Public
Olivia M. Gross
Notary Public, State of New York
No. 02GR4860934
Qualified in Nassau County
Commission Expires May 5, 2010