USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2 2 JAN 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
:
MR. BAGUETTE, LTD., :
                Plaintiff, :
:
    -against- : MEMORANDUM DECISION
: AND ORDER
FEDERAL EXPRESS CORPORATION, : 07 Civ.7931 (GBD)
:
                Defendants. :
:
------------------------------------ x

GEORGE B. DANIELS, District Judge:

    Plaintiff Mr. Baguette, Ltd. brought this action against Defendant Federal Express Corporation alleging breach of contract, breach of implied contract, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, and conversion claims in the Supreme Court of the State of New York, New York County. Plaintiff seeks a declared value of $40,000 for a package shipped through Defendant but not delivered due to theft. Defendant removed this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441(b), on the basis that Plaintiff's claims are "governed by principles of federal common law applicable to shipments made in interstate commerce by a federally certified air carrier."[1] Notice of Removal at ¶ 3.

    Defendant moves for summary judgment pursuant to Fed. R. Civ. P. 56(c) arguing that Plaintiff failed to provide timely notice of non-delivery pursuant to the terms of the contract. Plaintiff cross-moves for summary judgment seeking an award of the full declared value, without any contractual limitation on liability. Plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted.

---

[1] Defendant also argues that Plaintiff's state law claims are preempted by the Airline Deregulation Act, 49 U.S.C. § 41713.

Plaintiff is a commercial retailer of high-end jewelry and other valuable commodities. Compl. ¶ 6. Defendant is a worldwide shipping conglomerate, whose principal business is the express shipment of packages. Compl. ¶ 5. On September 25, 2003, Plaintiff and Defendant entered into a Declared Value Exception Agreement ("DVX Agreement") whereby Plaintiff agreed to use FedEx as the primary carrier for the transportation and delivery of Plaintiff's shipment of merchandise consisting of jewelry, watches, and other commodities. Compl. ¶¶ 9–11. Under the DVX Agreement with Plaintiff, Defendant provided an exception to its customary maximum declared value limit of $500 for the shipment of designated commodities, which included a $10,000 maximum for FedEx two day deliveries.[2] Compl. ¶ 11.

On Friday, September 8, 2006, Plaintiff tendered a package to FedEx for shipment via FedEx 2Day service, from New York, New York to Torrance, California. Under FedEx's 2Day service, the delivery date was Tuesday, September 12, 2006. The package purportedly contained high-end jewelry bound for one of Plaintiff's customers. Plaintiff declared the value of the package to be $40,000. Following the shipment's tender, four to six boxes were stolen from the rear of the FedEx courrier's truck, including Plaintiff's package.

Pursuant to provision H of the DVX agreement, Plaintiff "shall report to FedEx Express all non-delivery of merchandise under this [DVX] Agreement within seventy-two (72) hours of service commitment by FedEx Express." If the non-delivery is reported within three days, Plaintiff would be entitled to the maximum of $10,000 pursuant to the DVX Agreement.

---

[2] The DVX Agreement states, in relevant part:
   FedEx hereby grants Customer an exception to its maximum declared value of $500 on the Commodity and permits the Customer to declare a higher value per package subject to the following conditions: a $1.00 minimum charge will be assessed for all domestic shipments exceeding $100 in declared value. For domestic shipments exceeding $500 in declared value, and additional $.20 will be charged for each $100 (or fraction thereof declared value).

2

However, if the non-delivery is reported outside of the 72-hour period, Plaintiff would only be entitled to a maximum of $500 pursuant to FedEx's Service Guide.

Plaintiff's shipping clerk, Derek Ruiz, maintains that although he was unaware of the seventy-two hour reporting requirement, he contacted FedEx on or about September 14th or 15th, 2006. He does not know which day, time, or phone number he called, or to whom he spoke. In his affidavit, Ruiz states:

> 12. On or about September 14th or 15th, 2006, it is my recollection that Michael Short, co-employee of mine at Mr. Baguette at the time, requested that I telephone Federal Express to check whether or not the Package had arrived at its intended destination, Morgan Jewelers.
>
> 13. Accordingly, I telephoned Federal Express in order to determine whether or not the Package had in fact arrived at Morgan Jewelers. On that date, the Federal Express employee whom I spoke to indicated that they would attempt to ascertain what had happened to the Package on their end and would "get back to me."
>
> 14. Thereafter, on or about September 18th or 19th, 2006, Mr. Short once again asked me to follow up with Federal Express, this time indicating that he had now heard definitively from the client, Morgan Jewelers in Torrace, California, that the Package had not arrived at its intended destination.
>
> 15. Accordingly, on or about September 21, 2006, I again duly telephoned Federal Express. At this time, Federal Express notified me that the Package had in fact not arrived at its intended destination, Morgan Jewelers.
>
> 16. Accordingly on that date, September 21, 2006, for the first time Federal Express asked me to fill out a claim form containing a CER number for the Package.
>
> 17. I am aware of the testimony given on April 29, 2008, by Michael Short, my co-employee at Mr. Baguette.
>
> 18. Mr. Short testified that he was unsure if the Package was lost until September 18th or 19th, 2006 when he rechecked with the client Morgan Jewelers, to verify whether or not the Package was in fact lost or stolen.
>
> 19. My recollection differs from Mr. Short's. It is my recollection that although Mr. Short and I spoke on September 18th or 19th, 2006 (his third call to Morgan Jewelers in Torrance, California), in fact he asked me to check with Federal Express on September 14th or 15th, 2006 to determine if they knew anything about the whereabouts of the

3

>Package. This would, of course, have been within the 72 hour reporting period designated by the DVX Agreement.
>
>20. It is my recollection therefore that on that date, approximately September 14th or 15th, 2006 I spoke with Federal Express and got the "run around."
>
>21. It is my recollection that I telephoned Federal Express from a work telephone Number at Mr. Baguette on September 14th or 15th, 2006.
>
>22. Because of the length of time which has passed, I do not recall which specific telephone number I telephoned from Mr. Baguette to Federal Express on that date in question, I only recall that I telephoned from a work telephone number.
>
>23. Because of the length of time which has passed, I also do not recall which Federal Express number I telephoned.

FedEx, however, maintains that the earliest it received any phone-call from Plaintiff was on September 21, 2006, six days after the 72-hour reporting period ended. On October 10, 2006, FedEx offered Plaintiff $500 for the lost package, alleging that Plaintiff failed to comply with the 72-hour notice requirement. Plaintiff refused FedEx's offer of $500 for the lost package. Plaintiff subsequently brought this cause of action against FedEx seeking $40,000 in damages, or in the alternative, $10,000 pursuant to the DVX agreement's limit, plus interest, and its costs and attorney's fees.

Summary judgment is appropriate where the evidence, viewed in the light most favorable to the non-moving party, shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Vacold, L.L.C. v. Cerami, 545 F.3d 114, 121 (2d Cir 2008). The burden rests upon the moving party to show that there is no genuine issue of material fact. Mormol v. Costco Wholesale Corp., 364 F.3d 54, 57 (2d Cir. 2004). A fact is "material" only where it will affect the outcome of the suit under governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For there to be a "genuine" issue about a material fact, the evidence must be such "that a reasonable jury could

4

return a verdict for the nonmoving party." Id. In determining whether there is a genuine issue of material fact, the Court is required to resolve all ambiguities and draw all inferences in favor of the non-moving party. Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004). Where there is no evidence in the record "from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact," summary judgment is proper. Catlin v. Sobol, 93 F.3d 1112, 1116 (2d Cir. 1996).

The only factual issue in this case is whether Plaintiff reported the non-delivery within the 72-hour notice period as required by the DVX Agreement.[3] Plaintiff argues that its employee in charge of shipping called FedEx within the 72-hour notice period as required under the DVX Agreement. Plaintiff's employee cannot state what exact day he called FedEx and notified it of non-delivery of the package in question. Nor can he state the time he called, the number he called, or to whom he spoke with at FedEx. Indeed, there is no record that a timely call was ever made. At oral argument, Plaintiff admitted that he is "unable to retrieve their own numbers from Verizon because they have a rolling system where they get erased." Thus, Plaintiff is unable to offer any record evidence that it called FedEx during that 72-hour period from any of its phone lines.

---

[3] Plaintiff also asserts that certain portions of the DVX Agreement should be invalidated since they were not the result of fair, open, just and reasonable agreement. That argument is unavailing. Plaintiff has not offered any evidence indicating that the DVX Agreement was unconscionable. As conceded in oral arguments, Plaintiff approached Defendant about creating the DVX Agreement and shipped 800 packages over a four-year period. Plaintiff cannot now try to re-write the contract or ask the Court to release Plaintiff from the terms of their contract. It is of paramount importance to enforce freely undertaken contractual obligations, especially in commercial litigation involving sophisticated parties. Eli Lilly Do Brasil, Ltda. v. Federal Express Corp., 502 F.3d 78, 82 (2d Cir. 2007).

Plaintiff's affidavit is the most definitive statement of what he says occurred.[4] Even in the affidavit, Plaintiff acknowledges that there was no verification that the package was missing until September 18th or 19th. He only alleges that on September 14th or 15th, he telephoned Federal Express to attempt to "determine whether or not the package had arrived." Plaintiff did not hear from the client until September 18th or 19th, "that the package had not arrived at its intended destination."

The evidence indicates that Plaintiff failed to report the non-delivery by September 15, 2006, which was the end of the 72-hour notice requirement period. The records indicate that Defendant did not receive a phone call from Plaintiff until September 21, 2006—the call the shipping clerk acknowledges making six days after the notification deadline. FedEx has submitted its phone records indicating that no calls were made to its toll-free phone network within the 72-hour period, as was required by the DVX Agreement, from any of the fourteen telephone numbers utilized by Plaintiff's business. FedEx offers the declaration of its Senior Business Applications Analyst who works in FedEx's Network Architecture & Support Department. He obtained nine CDs that contain the inbound call detail records for September 2006. These records identify all of the calls into FedEx's toll-free phone network. After searching all nine CDs, the analyst found only three incoming phone calls during the month of September from only one of Plaintiff's fourteen business phone lines. These three calls were made on September 21, September 25, and September 28— all outside of the 72-hour time notification period.

---

[4] The only deposition testimony of the witness directly on this issue that is cited by the parties is:

A: I called in within the second week of the – you know, once I was told that the package was missing, I called in.

Q: Okay. Do you recall ever telling any of the folks with the claims department that you were not aware of the 72-hour reporting limit?

A: Yes, I do.

Ruiz Dep. Tr. 29:11-18, April 29, 2008.

There is no evidence from which a jury could reasonably conclude that Plaintiff complied with the 72-hour notice requirement of the DVX Agreement. Plaintiff simply offers a bare assertion, that he called to inquire if the package had been delivered "on or about September 14th or 15th, 2006." That is insufficient to defeat a properly made and supported motion for summary judgment. As the Second Circuit has held, "reliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion. The nonmoving party must go beyond the pleadings, and by his or her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Davis v. New York, 316 F.3d 93, 100 (2d Cir. 2002) (1986) (quoting Fed. R. Civ. P. 56(e)) (internal citations and quotations marks omitted). Although Plaintiff maintains that it complied with the 72-hour notification requirement, the mere testimony of the shipping clerk that he called to inquire about the package, in contrast to all of the contrary evidence that Defendant was not timely notified of the non-delivery, does not create a material issue of fact. See Delotch v. Wal-Mart Stores, 06 Civ. 5483 (GEL), 2008 U.S. Dist. LEXIS 47590, at *5 (S.D.N.Y. 2008) ("A nonmovant's unsupported denials of the movant's evidence, without more, cannot create disputes of material fact."). Moreover, the testimony of Mr. Short, Plaintiff's co-employee, also contradicts the shipping clerk's bare assertion. In his deposition, Mr. Short testified that the earliest date he would have told the shipping clerk that the package was missing was September 18th or September 19th —both dates after the 72-hour notification period. See Short Dep. 23:20-24:15, April 29, 2008.[5] Plaintiff has failed to provide any proof to dispute the

---

[5] Q: Okay, So as best your recollection is, just to be clear, it's likely that Monday, the 18th or Tuesday, the 19th were the days that you first contacted Derek; is that correct?
A: Yes.
Q: Okay. And let him know that you had an issue, that your customer had an issue?
A: Yes, that they did not receive the package.
Q: Okay. And either on 18th or the 19th is when, at least according to your request, Derek would have followed up?

7

evidence that Plaintiff did not comply with the 72-hour notification requirement in the DVX Agreement.

Defendant's motion for summary judgment on the remaining quasi contractual and tort state law claims is also granted. As Plaintiff conceded during oral arguments, the remaining claims are subsumed in the breach of contract claim. Since there is a valid contract, the breach of contract claim is controlling and the remaining claims would merely be duplicative.[6] See Metropolitan West Asset Management, L.L.C. v. Magnus Funding, Ltd., No. 03 Civ. 5539(NRB), 2004 WL 1444868, at *8 (June 25, 2004 S.D.N.Y.) (finding that a contracting party may be charged with separate tort liability if it arises from a breach of duty that is distinct from the breach of contract); see also Bouquet Brands Div. of J & D Food Sales, Inc. v. Citibank, N.A., 97 A.D.2d 936, 937 (3d Dep't 1983) (holding that "[a] tort action may accompany one for breach of contract only where the contract creates a relation out of which springs a duty, independent of the contract obligation, and that independent duty is breached.").

Plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted. This case is dismissed.

Dated: New York, New York
January 21, 2010

SO ORDERED:

*/s/ George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

A: Uh-huh. Yes, or waited for me to make sure that the customer didn't get it, but you know –
Q: Okay. But the earliest he would have followed up, at your request, would have been Monday, the 18th?
A: Or the 19th.
Q: Or Tuesday, the 19th. Okay.

[6] Notably, Plaintiff does not address Defendant's argument that the state law claims are preempted by the Airline Deregulation Act, 49 U.S.C. § 41713.